IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES R. CANTER, III**, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. RWT-09-2031 |
| | * | (Consolidated Case: RWT-09-2061) |
| **BOBBY SHEARIN, et al.**, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On August 5, 2009, Plaintiff Charles R. Canter III, an inmate in the North Branch Correctional Institution ("NCBI"), Cumberland, Maryland, filed a pro se Complaint under the Civil Rights Act, 42 U.S.C. § 1983, against numerous bureau of prison officials. See Compl. (Paper No. 1). In his Complaint, Plaintiff alleges that Correctional Officer ("C.O.") Eric Shoemaker and C.O. Nathaniel Passman repeatedly slammed his left arm into his cell's feed-up slot door when he would not remove it and that C.O. Passman stabbed him with a key. See id. at 4. In addition to suing C.O. Eric Shoemaker and C.O. Nathaniel Passman for their use of excessive force, Plaintiff is suing Warden Bobby Shearing, J. Michael Stouffer, Chief of Security Frank B. Bishop, Jr. Lieutenant Gregory Werner, Sergeant Robert Werner ("Supervisor Defendants"), for allowing him to be assaulted and failing to ensure his safety. See id.

Defendants filed a Motion To Dismiss or, in the Alternative, for Summary Judgment. See Defs.' Mot. To Dismiss (Paper No. 19). In their Motion, Defendants argue that the allegations of the Complaint fail to establish an Eighth Amendment violation of excessive force; C.O. Shoemaker and C.O. Passman have qualified immunity because the record does not demonstrate a violation of the Eighth Amendment; and the Supervisor Defendants are not liable under § 1983 because they were not personally involved in the alleged incident. See id. at 4–8.

The Court concludes that the Complaint fails to state an Eighth Amendment excessive force claim upon which relief can be granted. Accordingly, the Court will, by separate order, grant Defendant's Motion To Dismiss or, in the Alternative, for Summary Judgment, deny Plaintiff's Motions for Appointment of Counsel, and grant Plaintiff's Motion for Leave To Amend his Complaint.

**Factual Background**

In a Declaration supplementing his Complaint, Plaintiff states the following facts. See Canter Decl. (Paper No. 4). On June 21, 2009, around 10:00 a.m., he held open his cell's feed-up slot door because he wanted to talk to a sergeant and a dietary officer about his food bag containing only bread and an orange. See id. at 1. Because he would not allow the feed-up slot to be closed, C.O. Passman placed a barrier on his door "to insure the safety of others." Id.

Sergeant Robert Werner informed Plaintiff that he would not talk to him about the food bag until the slot to his cell door was closed. Id. Plaintiff told Sergeant Werner he would not fall for "the trick in the bag," and the Sergeant walked away from the cell. Id. Thirty minutes later, C.O. Shoemaker announced to Plaintiff over the microphone: "I'm going to get the slot closed the easy way or the hard way." Id. at 2. C.O. Shoemaker then told Plaintiff over the microphone: "Get ready. We are coming down for a cell search and we are going to cell abstract you." Id.

Fifteen minutes later, C.O. Shoemaker and C.O. Passman came to his cell and removed the barrier from his door. Id. at 23. C.O. Shoemaker then ordered Plaintiff to close the slot in his door, and Plaintiff again refused. Id. C.O. Shoemaker grabbed his left arm and tried to push it through the slot, but his "arm was tucked under so it could not be easy to be removed without the use of force." Id. Officer Pastman also grabbed his left arm and tried to push it through the

2

slot, but failed as well. Id.

Officers Shoemaker and Passman together tried to force the slot closed and, in the process, slammed Plaintiff's left arm in the slot multiple times. Id. at 34. Plaintiff next felt a sharp stab in his left elbow. Id. at 4. Plaintiff looked over and saw that C.O. Passman had dropped his keys. Id. Plaintiff moved his arm and observed no sharp edges on the feed-up slot door. Id. He is "99.9 ½ percent sure" C.O. Passman stabbed him with the key. Id.

### Procedural History

After having filed his Complaint and Declaration, Plaintiff filed a Motion for Appointment of Counsel. See Pl.'s First Mot. To Appoint Counsel (Paper No. 8). Plaintiff also filed a Motion To Amend his Complaint. See Pl.'s Mot. To Amend (Paper No. 9). On April 9, 2010, Defendants filed their Motion To Dismiss or, in the Alternative, for Summary Judgment. See Defs.' Mot. To Dismiss. Plaintiff did not file any opposition to Defendants' Motion, but he did file a second Motion for Appointment of Counsel. See Pl.'s Sec. Mot. To Appoint Counsel (Paper No. 21).

### Defendants' Motion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss a claim or claims asserted in a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Plaintiffs must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," id., by alleging facts sufficient to "nudge[ ] their claims across the line from conceivable to plausible," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The test for whether a claim of excessive force is constitutionally actionable is whether

3

force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. See Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, a court must consider the following factors: (1) the need for the application of force; (2) the relationship between the need and the amount of force actually used; (3) the extent of the injury inflicted; (4) whether the force was applied in a good faith effort to maintain and restore discipline, or applied with malicious and sadistic intent to cause harm; (5) the defendant's reasonable perception of the extent of the threat; and (6) the effort to temper the severity of the response. Whitley v. Albers, 475 U.S. 312, 320–21 (1986). Regarding the third factor, the Supreme Court recently stated that the absence of serious injury does not preclude a prisoner from stating a colorable excessive force claim. See Wilkins v. Gaddy, 130 S. Ct. 1175, 1179 (2010).

The Court concludes that the allegations of the Complaint fail to establish an Eighth Amendment violation of excessive force. First, Plaintiff does not allege that C.O. Passman and C.O. Shoemaker acted maliciously and sadistically. Second, considering the circumstances alleged on the face of Plaintiff's Complaint, the Court finds no plausible factual basis for a determination that C.O. Passman and C.O. Shoemaker acted maliciously and sadistically.[*] C.O. Passman and C.O. Shoemaker allegedly slammed and stabbed Plaintiff's arm after Plaintiff admittedly ignored multiple direct orders to remove his arm from his cell's food-slot door and purposefully positioned his arm so it could not be removed without the use of force. See Canter

---

[*] For purposes of Defendants' Motion To Dismiss, the Court will take the facts in the light most favorable to the Plaintiff and assume that C.O. Passman and C.O. Shoemaker slammed and stabbed Plaintiff's arm, even though they deny having done so. See Defs.' Mot. To Dismiss 2 ("During the incident, no one struck or assaulted Mr. Canter."); id. Ex. 1 (Shoemaker Decl.) ("At no time during this incident was Charles Canter's arm slammed in the, 'Feed up Door Slot', nor was he struck or assaulted by me or anyone in my presence."); id. Ex. 2 (Passman Decl.) ("At no time during this incident did I or anyone in my presence strike or assault Charles Canter.").

4

Decl. 2–4. Rather than supporting a finding of malice or sadism, these factual allegations only plausibly support a finding that C.O. Passman and C.O. Shoemaker applied force in a good faith effort to maintain or restore discipline. See Harcum v. LeBlanc, Civil Action No. 09-02512, 2009 WL 2778914, at *2 (E.D. Pa. 2009) (dismissing an inmate's Eighth Amendment excessive force claim where prison official stabbed inmate with keys to regain control). Because the Complaint lacks a factual basis for a finding that the prison officials acted maliciously or sadistically, Plaintiff has failed to state an Eighth Amendment excessive force claim upon which relief may be granted. Accordingly, the Court will grant Defendants' Motion To Dismiss or, in the Alternative, Motion for Summary Judgment.

## Plaintiff's Motions

Plaintiff also filed a Motion for Leave To Amend the Complaint, which the Court will grant. The claim Plaintiff seeks to add, however, will be dismissed without any response from the Defendants because it fails to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1915(e)(2)(b), a court must dismiss a case if it determines the action is frivolous or fails to state a claim on which relief may be granted. Plaintiff seeks to add a claim concerning the sealing of windows in the prison housing unit and being exposed to possible diseases. See Pl.'s Mot. To Am. Compl. 1. In order to establish an Eighth Amendment violation relating to conditions of confinement, a prisoner must establish both (1) "a serious deprivation of a basic human need" and (2) "deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Plaintiff proposed claim does not plausibly allege a serious deprivation of a basic human need or deliberate indifference to prison conditions on the part of prison officials. Accordingly, the Court will grant Plaintiff's Motion To Amend his Complaint, but dismiss his newly added claim.

In his Motions for Appointment of Counsel, Plaintiff contends that the issues involved in this case are complex and will requiring significant research and investigation and that he has limited access to the prison law library and limited knowledge of the law. See Pl.'s First & Sec. Mots. To Appoint Counsel. A district court should appoint counsel if "a pro se litigation has a colorable claim but lacks the capacity to present it." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978); see also Whisenant v. Yuam, 739 F.2d 160, 163–64 (4th Cir. 1984) (directing district court to appoint counsel for pro se plaintiff in § 1983 action because "exceptional circumstances" were present and plaintiff was "relatively uneducated generally and totally uneducated in legal matters"). Because the Court finds that Plaintiff has failed to allege colorable Eighth Amendment claims, Plaintiff's Motions for Appointment of Counsel will be denied.

**Conclusion**

For the foregoing reasons, the Court will, by separate Order, deny Plaintiff's Motions for Appointment of Counsel [Paper Nos. 8, 21], grant Plaintiff's Motion for Leave To Amend the Complaint [Paper No. 9], and grant Defendants' Motion To Dismiss or, in the Alternative, for Summary Judgment [Paper No. 19].


Date: July 8, 2010

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE